UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DINO N. THEODORE ) <br> and ACCESS WITH SUCCESS, INC., ) <br> **Plaintiffs** ) <br> ) <br> v. ) <br> ) <br> THE COMMON MAN WINDHAM, INC. ) <br> and ALEXANDER L. RAY, TRUSTEE, THE ) <br> ALEXANDER L. RAY 1999 REVOCABLE ) <br> TRUST, ) <br> **Defendants** ) | CASE NO.: 18-cv-280 |

## COMPLAINT

The plaintiffs bring this action to enforce Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12182(b)(2), against the defendants, The Common Man Windham, Inc. ("CMW") and Alexander L. Ray, Trustee, The Alexander L. Ray 1999 Revocable Trust ("Ray"). The plaintiffs, Dino N. Theodore and Access with Success, Inc. ("AWS") allege that the defendants have violated Title III of the ADA. The plaintiffs seek an Order in the form of a Consent Decree, which will require the defendants to remove architectural barriers to wheelchair users and other mobility-impaired persons and to alter its policies and procedures in order to provide equal access to their public accommodation, a restaurant known as "The Common Man," located at 88 Range Road, Windham, New Hampshire, in accordance with the Americans with Disabilities Act and Subparts E and C, respectively, of 28 C.F.R. Part 36.

## PARTIES

1. The plaintiff, Dino N. Theodore, age 58, is paralyzed from the chest down and uses a manual wheelchair for ambulation. He drives a car equipped with hand controls.

2. Mr. Theodore resides at 1305 Methuen Street, in Dracut, Massachusetts. He is a

practicing attorney employed by the Department of Industrial Accidents in Massachusetts. He has been admitted to practice law in Massachusetts since 1993.

3. Mr. Theodore is a qualified individual with disabilities within the meaning of all applicable statutes, including the ADA, and is disabled within the meaning of the ADA in that he is substantially limited in performing one or more major life activities, including but not limited to walking and standing.

4. The plaintiff, AWS, is a non-profit corporation organized and existing under the laws of the Commonwealth of Massachusetts. Its members are able-bodied individuals and qualified individuals with disabilities as defined by the ADA.

5. The individually named plaintiff, Dino N. Theodore, is a member and a director of AWS. Members of AWS are predominantly qualified individuals with disabilities within the meaning of the ADA and all other applicable federal and state statutes.

6. AWS is a civil rights group organized for charitable and educational purposes by individuals with disabilities to advocate for the integration into society of disabled persons and equal access to all services, activities, programs, resources and facilities available to non-disabled persons. Its members are predominantly, but not exclusively, individuals with various physical disabilities impairing mobility, speech, vision, and hearing. One of the primary purposes of AWS is to assure that private places of public accommodation are accessible to, and usable by, persons with disabilities. AWS seeks to send a clear message that segregated services and inaccessible public accommodations are against the law and should not be tolerated.

7. Title III of the ADA permits private individuals to bring lawsuits in which they can obtain court orders to stop discrimination on the basis of disability.

8. AWS and its members have suffered direct and indirect injury as a result of the

defendants' actions or inactions as described herein. AWS also has been discriminated against because of its association with Dino Theodore and his claims. The defendants' failure to comply with the ADA adversely affects the organizational purpose of AWS.

9. The defendant, CMW, has a principal office address of 59 Main Street, Ashland, NH 03217. Its Registered Agent is John J. McCormack Jr., Esq., 62 Main Street, Ashland, NH 03217.

10. CMW operates a restaurant and bar at 88 Range Road, Windham, NH 03087.

11. CMW also sells merchandise via its Company Store, an attached retail operation in the same location.

12. The restaurant and Company Store are located in an old red barn that underwent a multi-million dollar renovation in 2008.

http://www.thecman.com/press-release/common-man-windham-focusing-on-prompt-re-opening-after-weekend-electrical-fire/24.aspx

13. By deed recorded on December 14, 2009 at Book 5074, Page 1009 in The Rockingham County Registry of Deeds, the defendant, Ray, as Trustee, acquired ownership of the land and buildings where CMW is located.

14. "Public accommodation means a private entity that owns, leases (or leases to), or operates a place of public accommodation." 28 C.F.R. Part 36 § 36.104.

15. CMW operates a place of public accommodation within the meaning of the ADA.

16. Ray owns a place of public accommodation within the meaning of the ADA.

## SYNOPSIS OF A CAUSE OF ACTION UNDER THE ADA

17. Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals. In studying the need for such legislation, Congress found that "historically, society has tended to isolate and segregate individuals with disabilities, and, despite some

improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem." *42 U.S.C. § 12101(a)(2)*

18. Congress found that the many forms such discrimination takes include "outright intentional exclusion" as well as the "failure to make modifications to existing facilities and practices." *42 U.S.C. § 12101(a)(5)*

19. After thoroughly investigating the problem, Congress concluded that there was a "compelling need" for a "clear and comprehensive national mandate" to eliminate discrimination against disabled individuals and to integrate them "into the economic and social mainstream of American life." *S. Rep. No. 101-116, p. 20 (1989); H. R. Rep. No. 101-485, pt. 2, p. 50 (1990).*

20. Title III proscribes disability-based discrimination that prevents "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." *42 U.S.C. § 12182(a)*

21. In order to make a prima facie case under Title III of the ADA, a plaintiff must prove that (1) he has a disability, (2) defendants' facility is a place of public accommodation, (3) and he was denied full and equal treatment because of his disability.

22. The ADA's public accommodations provisions also permit an individual to allege discrimination based on a reasonable belief that discrimination is about to occur.

23. A plaintiff with a disability need not engage in the "futile gesture" of attempting to gain access to each and every feature of a facility or place of public accommodation where access barriers are known to exist and where the owner or operator does not intend to comply with the provisions of the ADA. *42 U.S.C. § 12188(a)(1)*

24. CMW's entire restaurant property must be in compliance with the ADA and the 2010 ADA Standards, but it is not.

25. The defendants own and operate a "restaurant," which is a public accommodation as defined in Title III of the ADA, 42 U.S.C. § 12181(7)(B), and its implementing regulation at 28 C.F.R. § 36.104.

## JURISDICTION AND VENUE

26. The Court has primary jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343 in that this action arises under the laws of the United States and the defendants are subject to personal jurisdiction.

27. Venue is proper in this Court under 28 U.S.C. § 1391, the claim having arisen in the State of New Hampshire.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

28. On Sunday, February 18, 2018, Mr. Theodore accompanied his mother to CMW to celebrate her 84th birthday. It was the first visit to the restaurant for both, who planned to arrive early in separate cars, shop at The Company Store, the store owned by CMW within the same building, and enjoy their meal at the upstairs Bar n Grill when it opened at 3:00 p.m. Although not a plaintiff in this case, Mr. Theodore's mother is a person with a disability due to heart disease, which limits her walking to short distances. As a New Hampshire resident, she has a vehicle disability placard issued by the New Hampshire Department of Public Safety.

29. Mr. Theodore observed that the parking facility had a total of approximately 100 spaces.

30. Parking facilities with 100 spaces must have a minimum of four accessible parking spaces placed within the shortest accessible route to the accessible entryway. *ADA Standard 208.2* The Standards explicate that "normal maintenance" such as the re-painting of

demarcation lines is required of the owner or operator.

31. At least one of the spaces must be van accessible in order to facilitate access by those with serious mobility impairments. *ADA Standard 208.2.4*

32. The CMW parking lot has a total of five parking spaces demarcated as accessible.

33. All five parking spaces marked as accessible have heavily faded paint lines and one lacks above ground signage.

34. Three of the five spaces are located at the front of the building in proximity to the main entrance as shown in **Figure 1**.



**Fig. 1**

35. One of the designated spaces is located in the rear of the building, as shown in **Figure 2,** in proximity to a staircase, requiring a disabled person to negotiate three stairs and traverse a long walkway that winds around the front of the building to the main entrance.



**Fig. 2**

36. A space marked as accessible next to the white building across from the main entrance lacks above ground signage as shown in **Figure 3**.



**Fig. 3**

37. Accessible parking spaces must be located on the shortest accessible route from parking to an accessible entrance. *ADA Standard 208.3*

38. Each accessible space must have signage at the head of the space 60 inches from the ground bearing the International Symbol of Disability; the van accessible space also must have

7

signage designating it as "Van Accessible" *ADA Standard 216.5 & 502.6*

39. Accessible car spaces must be at least 96 inches wide. *ADA Standard 502.6*

40. Van accessible spaces must be at least 132 inches wide, although they may be at least 96 inches wide if served by an access aisle that is also at least 96 inches in width. *ADA Standard 502.2*

41. Each accessible space must be served by an access aisle of at least 60 inches in width directly alongside the parking space. *ADA Standard 502.3.1* Each access aisle must span the full length of the accessible spaces it serves. *ADA Standard 502.3.2* Each access aisle must be painted to discourage motorists from parking within it. *ADA Standard 502.3.3*

42. Upon arrival at CMW, Mr. Theodore and his mother found that there were no accessible parking spaces available near the main entrance; they waited in their cars for approximately fifteen minutes before two accessible spaces opened up.

43. At the main entrance there is a threshold greater than a ½ inch high, as shown in **Figure 4**, which nearly caused Mr. Theodore's manual wheelchair to tip over on the way in and on the way out. On the way out, Mr. Theodore had to grasp onto the door-frame with both hands in order to stop his forward lurch and keep himself within his wheelchair; his mother became quite upset at the sight of this near mishap.



**Fig. 4**

44. Although CMW building is not required by law to have an elevator or a vertical stair lift, Mr. Theodore encountered yet another discriminatory architectural barrier in the form of an insurmountable flight of stairs leading to the Bar 'n Grill, as shown in **Figure 5**.



**Fig. 5**

45. Mr. Theodore and his mother were seated in the dining room. They had been unaware that brunch was still being served at the time they had arrived and had not intended to have brunch, but stayed nevertheless and ordered brunch.

46. Mr. Theodore intends to return to CMW and would like to enjoy the amenities offered in the Bar 'n Grill on the second floor, but there is no way that he can access the second floor independently and CMW does not offer equivalent facilitation, i.e., substantially equivalent access to the same goods and services for mobility-impaired patrons who cannot climb stairs.

*ADA Standard 103*

47. There are times in the regular business schedule of CMW when the downstairs dining room is closed but the upstairs Bar 'n Grill remains open to serve the public. Those times are Monday through Thursday from 9:00 p.m. to 10:00 p.m., from 9:30 p.m. to midnight on Fridays and Saturdays, and from 3:00 p.m. to 10:00 p.m. on Sundays. During these hours, patrons, such as the plaintiff, who are physically unable to negotiate stairs, are effectively barred from the premises on the basis of their disability.

48. As shown in **Figure 6**, Mr. Theodore observed that the aisle connecting the restaurant lobby with the Company Store was insufficiently wide to accommodate a wheelchair and that it lacked sufficient space to turn a wheelchair. He and his mother did not shop there, as they had planned.



Fig. 6

49. Mr. Theodore intends to visit the defendants' place of public accommodation in the future in order to access the goods, services, and accommodations commonly offered there, but he will be unable to do so because of his disability, the physical barriers to access, and the defendants' policy of denying equal service to patrons who cannot climb stairs or who use wheelchairs, which preclude and/or severely limit his access to the place and/or to the goods, services, facilities, privileges, advantages and/or accommodations offered at CMW.

50. The defendants have discriminated against the plaintiffs and others with disabilities, by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of CMW at 88 Range Road, as prohibited by 42 U.S.C. § 12182, *et seq.*, and will continue to discriminate against the plaintiffs and others with disabilities unless and until the defendants are compelled to remove all physical barriers that exist at their facility, including those specifically set forth herein, or at minimum, afford

equivalent goods and services to persons with disabilities.

51. The defendants have discriminated against the plaintiffs by failing to comply with the ADA's requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Mr. Theodore's ability (because of his disability) to access CMW, and/or experience the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered there, include:

    a.    The absence of parking spaces in compliance with ADA Standard 208 and Standard 502;

    b.    The absence of an accessible building entrance due to the functional barrier caused by the greater than ½ inch high threshold that has no beveled edge. *ADA Standard 404.2.5*; and

    c.    The absence of at least one continuous unobstructed path connecting all accessible elements, entrances, and spaces of the defendants' public accommodation; *ADA Standard 206.2.1; and*

    c.    The defendants' effective exclusion of patrons in wheelchairs and patrons with mobility impairments during late-night hours of operation when only the inaccessible Bar 'n Grill is open for business.

52. The above listing is not to be considered all-inclusive of the barriers, conditions or violations that exist at the defendants' place of public accommodation. The plaintiffs require an inspection in order to identify all of the architectural barriers that violate the ADA.

53. Mr. Theodore has suffered an injury in fact as a result of the defendants' non-compliance with the ADA. His expectation to visit CMW in the future creates a real and immediate threat of future harm.

54. The defendants have failed to adopt adequate non-discrimination policies or have failed to modify their policies to accommodate disabled persons.

55. The defendants have failed to take those steps that may be necessary to ensure that individuals with disabilities are not excluded, denied services, segregated or otherwise treated differently than other individuals.

56. The defendants have denied persons with disabilities, such as Mr. Theodore, an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that are equal to that afforded to other non-disabled patrons of CMW, Windham.

57. The defendants have failed to implement a plan for removing architectural barriers to wheelchair access.

58. With respect to altered facilities under the ADA, discrimination constitutes "a failure to make alterations in such manner that, to maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." *42 U.S.C. § 12183(a)(2)*

51. On information and belief, CMW has undergone extensive renovations, such that including accessible features was mandatory, but the defendants did not include accessibility features in the renovations.

52. If the CMW building, or parts of it, never had been altered within the meaning of the ADA, the defendants would be required nonetheless to remove architectural barriers to wheelchair access to the extent that such modifications would be "readily achievable."

53. Under 42 USC § 12181(9) the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."

54. The "readily achievable" requirement is based on the size and resources of the entity. Larger places of public accommodation are expected to take a more active role in removing barriers than less substantial places of public accommodation.

55. Barrier removal is an ongoing obligation. A place of public accommodation is expected to remove barriers as resources become available.

56. Despite having available resources, the defendants have not engaged in barrier removal at CMW on an ongoing basis in accordance with the Americans with Disabilities Act and Subpart E of 28 C.F.R. Part 36, nor have they provided disabled individuals barred from accessing the second floor Bar 'n Grill with equal service and hours as per Subpart C of 28 C.F.R. Part 36.

57. The actions and initiatives that the defendants have failed to undertake in order to make CMW accessible to persons with disabilities are actions and initiatives that would be readily achievable, required by law, and would greatly assist persons with mobility disabilities at minimal expense to the defendants.

58. The defendants' conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, the defendants will continue to violate the ADA. Said conduct, unless enjoined, will continue to inflict injuries for which the plaintiffs have no adequate remedy at law.

59. The injunctive relief requested herein will redress the plaintiffs' injury.

WHEREFORE, the plaintiffs respectfully request a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504 requiring the defendants to alter The Common Man and to amend their policies and procedures vis-à-vis disabled patrons and visitors in order to render CMW readily accessible to and useable by individuals with disabilities on an equal basis with non-disabled persons to the extent required by the Americans with Disabilities Act and

Subpart E of 28 C.F.R. Part 36, and to require alternatives to barrier removal via the provision of equal service and hours of operation to the extent required by Subpart C of 28 C.F.R. Part 36; the plaintiffs further request an award of appropriate attorneys' fees and costs of this suit as provided by 42 U.S.C. § 12205.

                                                Respectfully submitted,
                                                The Plaintiffs, DINO THEODORE, et al.,

                                                By their Attorneys,

                                                /s/Nicholas S. Guerrera
                                                Nicholas S. Guerrera, BBO No. 551475
                                                Shaheen, Guerrera & O'Leary, LLC
                                                Jefferson Office Park
                                                820A Turnpike Street
                                                North Andover, MA 01845
                                                (978) 689-0800
Dated:   04/05/2018                         nguerrera@sgolawoffice.com